UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES MAYRON,

      Plaintiff,

    v.

IAN SILVERMAN,

      Defendant.

25-CV-6008 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

  Plaintiff Charles Mayron, proceeding *pro se*, brings this action against Defendant Ian Silverman, in his official capacity as a representative of the New York State Department of Health Office of Professional Medical Conduct (the "OPMC"), alleging various violations of his constitutional rights and seeking injunctive relief.

  "A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Thus, "[w]hen the events giving rise to a claim occurred in another district, it is reasonable to transfer the case to the district in which the events occurred." *Allen v. Metro. Transp. Auth.*, No. 13-CV-3106, 2014 WL 549486, at *9 (S.D.N.Y. Feb. 11, 2014).

  "A plaintiff establishes that venue is proper by alleging facts which, if true, would support the court's jurisdiction." *Redhawk Holdings Corp. v. Craig Invs., LLC*, No. 15 CIV. 9127 (CM), 2016 WL 3636247, at *4 (S.D.N.Y. June 24, 2016). Here, the Complaint lacks any nonconclusory factual allegation that venue is proper in this district. It gives no indication that Plaintiff resides or practices medicine here. And although it states that Defendant "acts in his official capacity from within this [d]istrict," Complaint at 1, ECF No. 1, the documents attached to the Complaint

clearly indicate that both Silverman and the OPMC are located in Albany, New York, *see, e.g., id.* at 29. "When allegations contained within the complaint are contradicted by documents attached to the complaint, the documents control, and the Court need not accept the allegations contained within the complaint as true." *Sotheby's, Inc. v. Stone*, 388 F. Supp. 3d 265, 272 (S.D.N.Y. 2019). The Court therefore concludes, based on the documents attached to the Complaint, that a substantial part of the events or omissions giving rise to Plaintiff's claim—and the conduct he seeks to enjoin—occurred and will occur in the Northern District of New York, which encompasses Albany.

Accordingly, the Clerk of Court is respectfully directed to transfer this action to the United States District Court for the Northern District of New York, and to inform that district that Plaintiff has paid the filing fee.

SO ORDERED.

Dated:     August 6, 2025
           New York, New York

_____
Ronnie Abrams
United States District Judge